■ DATALOT, INC., Appellant, v WINUM ENTERPRISES, LLC, DoingBusiness as LEADS 2 PROFITS, Respondent. [6 NYS3d 18]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered September 24, 2013, which, insofar as appealed from as limited by the briefs, granted defendant's motion for partial summary judgment on its breach of contract counterclaim, unanimously affirmed, with costs.

Defendant made a prima facie showing that plaintiff breached the parties' "Datalot Lead Sales Agreement," by submitting emails between the parties and the affidavit of defendant's principal (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). The emails, in particular the ones dated November 16, 2012, show that plaintiff refused to resume sending leads to defendant unless and until defendant paid in full the invoice dated November 1, 2012. However, under the terms of the agreement, which incorporated the parties' "Datalot Insertion Order," defendant had until November 30, 2012 to pay the invoice.

In opposition, plaintiff failed to raise a triable issue of fact (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The evidence does not support plaintiff's assertion that it was unable to resume sending leads by November 16, 2012 because of three reasons unrelated to the parties' payment dispute. Significantly, plaintiff did not address the November 16 emails submitted by defendant, which clearly show that plaintiff refused to turn the leads back on until defendant paid off its November 1, 2012 invoice. Further, none of those emails mention the three problems unrelated to the payment dispute.

We have reviewed plaintiff's remaining contentions, including its argument that summary judgment is premature, and find them unavailing. Concur—Friedman, J.P., Sweeny, Acosta, DeGrasse and Gische, JJ.